Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001659
21-MAR-2014
08:35 AM

NO. CAAP-13-0001659

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FRANCIS M. SHYANGUYA,
Appellant-Appellant,
v.
EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE;
MR. ALAN WONG, APPEALS OFFICER,
Appellees-Appellees
and
THE RITZ-CARLTON HOTEL CO., LLC,
Real Party-In-Interest Employer/Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0149-01)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Pro se Appellant-Appellant Francis M. Shyanguya
(**Shyanguya**) appeals from the June 20, 2013 Final Judgment and the
June 20, 2013 "Order Affirming Employment Security Appeals
Referees' Office's Decision 1204175 Dated December 1, 2012 and
Affirming the Appeals Office's Denial of Appellant's Application
For Reopening Dated December 26, 2012" both entered in the
Circuit Court of the First Circuit[1] (**circuit court**).

Shyanguya contends the circuit court reversibly erred
by:

---

[1] The Honorable Judge Rhonda A. Nishimura presided.

(1) not considering that the Employment Security Appeals Referees' Office (**ESARO**) erred in setting aside the initial unemployment claims determination;

(2) not finding that ESARO erred when it failed to set forth in writing the reasons for the decision to set aside the initial claims determination;

(3) not finding that the ESARO proceedings had no legal basis and merit;

(4) not finding ESARO proceedings were a "sham" because ESARO had already decided to admit document evidence from Shyanguya's former employer;

(5) stating that there was testimony to support identification of Keith Wallace (**Wallace**) as a representative of Appellee-Appellee Ritz-Carlton Hotel Co., LLC (**Employer**);

(6) failing to specify whether Employer or Marriott International, Inc. charged Wallace to investigate Shyanguya;

(7) misdirecting the dispute towards whether Shyanguya was banned from Employer's premises or not;

(8) making factual errors concerning Employer's investigation of Shyanguya;

(9) asserting that circumstances and contents of an email sent by Shyanguya were unclear as to whether Wallace was the Employer's authorized representative.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Shyanguya's points of error as follows:

Shyanguya's nine points of error do not correlate with the four "arguments" in his opening brief. This court adheres to the policy of affording litigants, especially those proceeding pro se, an opportunity to "have their cases heard on the merits, where possible." O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994). However, because Shyanguya provides no discernible argument in support of five of his contentions and fails to provide arguments in regard to his

third, seventh, and eighth points of error, Shyanguya has waived those contentions. See Hawai'i Rules of Appellate Procedure Rule § 28(b)(7) and Hong v. Estate of Graham, 101 Hawai'i 421, 70 P.3d 647, No. 22562, 2003 WL 21268404 (Haw. May 30, 2003) (SDO).

Shyanguya's first discernible argument is that ESARO should not have been allowed to review his September 26, 2012 email (**Email**). Shyanguya contends that Employer alleged the Email constituted a resignation letter and failed to provide the document to the State of Hawai'i, Department of Labor and Industrial Relations, Unemployment Insurance Division Claims Examiner in the initial determination of Shyanguya's qualification for unemployment benefits.

An appeal of an initial claims determination to ESARO is done pursuant to Hawaii Revised Statutes § 383-38(b) (Supp. 2013), which permits ESARO "referees" to take evidence. Hawai'i Administrative Rules § 12-5-93(e)(15) (am. 1998) further provides:

> (15)  Oral or <u>written evidence of any nature, whether or not conforming to the legal rules of evidence, may be accepted</u>. Any official record of the department, including reports submitted in connection with the administration of the employment security law, may be included in the record; provided, however, that the parties are given an opportunity to examine and refute the same.

(Emphasis added.)

ESARO's "Unemployment Appeals Hearing Instructions" informed the parties they could provide additional documents as evidence. Accordingly, ESARO did not err by reviewing a copy of Shyanguya's Email from Employer, nor did the circuit court err by so concluding.

Shyanguya's contention that Employer was judicially estopped from asserting that he voluntarily quit during the ESARO proceedings has no merit because Employer's position during these proceedings were consistent with Employer's position during the initial claims determination. See Roxas v. Marcos, 89 Hawai'i

3

91, 124, 969 P.2d 1209, 1242 (1998) (judicial estoppel prohibits parties from maintaining positions directly contrary to or inconsistent with positions previously assumed).

Shyanguya appears to contend that Employer invited the initial claims determination as "error" by initially failing to provide the Email. We find no invited error because the record discloses no evidence that Employer sought to profit from such an invitation. See State v. Jones, 124 Hawai'i 129, 237 P.3d 1195, No. 29301, 2010 WL 3133549 (Haw. App. Aug. 5, 2010) (mem.) ("[A] defendant cannot by his own voluntary conduct invite error and then seek to profit thereby." (citation and internal quotation marks omitted)).

Shyanguya also appears to contend ESARO erred by failing to verify that Wallace was authorized to accept Shyanguya's Email as a "resignation" on behalf of Employer and that the circuit court thereby erred by determining the record supported this finding. Whether Wallace was authorized to forward Shyanguya's Email to Employer's human resources department is irrelevant to ESARO's finding that the Email was evidence of Shyanguya's voluntary decision to leave his employment. ESARO found:

> [Shyanguya] did not state any compelling reasons to quit or for sending his [Email]. A reasonable and prudent worker, genuinely and sincerely desirous of maintaining employment, would cooperate in an investigation to return to work. However, [Shyanguya] sent an email stating to tell his friends at work he was not returning.

In regard to his contention that he did not resign from Employer via the Email, Shyanguya contends the circuit court erred by stating, "[t]here's testimony to support that [Wallace] was the [E]mployer's representative." Shyanguya admitted that he wrote the Email. Wallace was identified as "Sr. Director of Investigations at Marriott International," located in Employer's corporate office in Bethesda, Maryland. Employer testified that they are affiliated with Marriott International. Shyanguya testified that he "guess[ed]" that Wallace was the Employer's

4

appointee regarding correspondence with Shyanguya and that Wallace is "in risk management, security on risk management." He also identified Wallace as "the General Manager at Ritz-Carlton Kapalua[.]" Shyanguya's contention that Wallace was not his Employer's representative has no merit.

Therefore,

IT IS HEREBY ORDERED that the June 20, 2013 Final Judgment and the June 20, 2013 "Order Affirming Employment Security Appeals Referees' Office's Decision 1204175 Dated December 1, 2012 and Affirming the Appeals Office's Denial of Appellant's Application For Reopening Dated December 26, 2012" both entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, March 21, 2014.

On the briefs:

Francis M. Shyanguya
Appellant-Appellant pro se.

Frances E.H. Lum
Robyn M. Kuwabe
Deputy Attorneys General
for Appellees-Appellees.

Chief Judge

Associate Judge

Associate Judge

5